**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Moreno Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>    Defendant, | CV 12-730 TUC DCB(JR)<br><br>**O R D E R** |

This matter was referred to Magistrate Judge Jacqueline M. Rateau, on October 22, 2012, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). She issued a Report and Recommendation (R&R), which as filed on July 25, 2013. (Doc. 26: R&R)**.** She recommends affirming the denial of disability benefits by an administrative law judge on July 22, 2011. There being no objection to the R&R, the Court adopts it and for the reasons stated by the Magistrate Judge, affirms the decision of the Social Security Commissioner and denies benefits.

                                        STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000

n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objection to the R&R has been filed.

## REPORT AND RECOMMENDATION

The Magistrate Judge considered the Plaintiff's work history as a bookkeeper and counter clerk at a convenience store, his age and education, and his long medical history for epilepsy. The Magistrate Judge found that the Administrative Law Judge (ALJ) provided legitimate reasons for discounting the Plaintiff's treating physician's opinion of disability because there were scant supporting medical records and based on the conflicting opinion of an examining physician. The ALJ discredited the Plaintiff's testimony of disability because he testified that he was able to perform numerous activities on a regular basis. The ALJ found at step five of the disability assessment that the Plaintiff had the residual functional capacity (RFC) to perform other work that exists in substantial numbers in the economy. The Magistrate Judge found the ALJ's decision was supported by substantial evidence, meaning there was such evidence as a reasonable mind might accept as adequate to support the conclusion.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court affirms the decision of the Social Security Commissioner to deny Plaintiff disability benefits.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. # 26) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the decision of the Social Security Commissioner is AFFIRMED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 4th day of December, 2013.

David C. Bury
United States District Judge